**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA, :
:
    v. : CRIMINAL ACTION NO.
: 1:05-CR-181-CAP-ECS
CARL HAIRSTON and :
JANICE REENA HAIRSTON, :
    Defendants. :

### FINAL REPORT AND RECOMMENDATION

Carl and Janice Reena Hairston are federal prisoners. This matter is before the Court on a "Motion to Modify Term of Imprisonment" [Doc. No. 159] filed pro se by Ms. Hairston on behalf of herself and her husband. For the following reasons, the undersigned recommends that the motion be denied and certain related orders be entered.

In January 2006, the Hairstons were charged with conspiracy to defraud the United States, bank fraud, wire fraud, money laundering, tampering with a witness, obstruction of justice, and bankruptcy fraud in a thirty-one count second superseding indictment. [Doc. No. 85]. In February 2006, each of the Hairstons pled guilty to two counts in that indictment, acknowledging that they conspired to defraud the United States and committed bank fraud. [Doc. Nos. 96, 98]. In October 2006, each of the Hairstons was sentenced, among other things, to serve a 108-month term of imprisonment. [Doc. Nos. 138, 140]. Neither of the Hairstons appealed.

Some 20 months later, in June 2008, the Hairstons filed a pro se "Motion for Out-of-Time Appeal." [Doc. No. 142]. The Honorable Charles A. Pannell, Jr. denied that motion, finding that "[t]o the extent that this motion [was] filed pursuant to 28 U.S.C. § 2255, the motion [was] untimely." [Doc. No. 150 at 1]. Judge Pannell also found that Federal Rule of Appellate Procedure 4(b)(4) did not apply. [Id.].

The Hairstons sought reconsideration. [Doc. No. 151]. Among other things, the Hairstons argued that their attorneys had provided ineffective assistance of counsel by not filing an appeal when asked. [Id. at 3]. Judge Pannell denied the motion for reconsideration. [Doc. No. 152]. The Hairstons requested a certificate of appealability. [Doc. No. 153]. In January 2010, Judge Pannell denied that request. [Doc. No. 154].[1]

After another two-plus years passed, Ms. Hairston filed the "Motion to Modify Term of Imprisonment" now pending before the Court on behalf of herself and Mr. Hairston. [Doc. No. 159]. That motion lists as the primary potential bases for relief Federal Rule of Criminal Procedure 35, 18 U.S.C. § 3582, and 28 U.S.C. § 2255. [Id. at 1]; see also n. 2 below.

---

[1] There is nothing in the record to indicate that the Hairstons filed a notice of appeal or sought a certificate of appealability directly from the Eleventh Circuit.

2

In the absence of circumstances not present here, none of those rules or statutory provisions permits modification of the Hairstons' sentences at this stage in the case, more than five years after the sentences were originally imposed. As Judge Pannell previously determined, a challenge to the Hairstons' sentences under § 2255 was time-barred long ago. See [Doc. No. 150 at 1]; 28 U.S.C. § 2255(f). Similarly, the window for correction by the Court sua sponte of any clerical error in sentencing closed long ago. See Fed. R. Crim P. 35(a). Absent a government motion, there is no basis for a sentence reduction under Rule 35(b). Finally, there is no basis in this case for modification of the Hairstons' sentences under 18 U.S.C. § 3582(c).[2]

For the foregoing reasons, the undersigned **RECOMMENDS** that the "Motion to Modify Term of Imprisonment" [Doc. No. 159] be **DENIED**. The undersigned further **RECOMMENDS** that the Clerk be **DIRECTED** to **CLOSE ADMINISTRATIVELY** the civil case opened when that motion was received. See Hairston v. United States, No. 1:12-CV-1357-CAP-ECS (N.D. Ga. Apr. 16, 2012) ("Civil Case").

---

[2] In the text of the motion, Ms. Hairston also requests relief pursuant to 18 U.S.C. § 3742. [Doc. No. 159 at 5]. That statute would have applied to a direct appeal of the Hairstons' sentences in 2006. It does not afford a district court a basis to modify a sentence on motion by a defendant.

3

To the extent that either this case or the Civil Case may be considered to have arisen under § 2255, the undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the Hairstons have not demonstrated "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); <u>see also</u> <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)).

Finally, the undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal in this case or the Civil Case would not be taken in good faith and that the Hairstons are therefore ineligible to proceed <u>in forma pauperis</u> on appeal. See 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

4

AO 72A
(Rev.8/82)

**SO RECOMMENDED AND DIRECTED**, this 27th day of September, 2012.

>*S/ E. Clayton Scofield III*
>E. CLAYTON SCOFIELD III
>UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)